LUIS MANUEL GONZÁLEZ, ETC., Plaintiff and Appellee, v. DESTILERÍA ROSES, INC., ET AL., Defendants and Appellants.

No. 10188. Argued June 7, 1950.—Decided June 23, 1950.

*Wilson P. Colberg* for appellants. *Fernando B. Fornaris* and *Fernando Fornaris, Jr.,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is an action for damages. The District Court of San Juan granted the complaint and adjudged the defendants to pay to the plaintiff the sum of $1,500 plus costs and $200 as attorney's fees. Feeling aggrieved, the former appealed and allege that the lower court erred: in deciding that the sole and proximate cause of the accident had been the negligence of the driver of the vehicle belonging to the defendant Destilería Roses, Inc., in disregarding the traffic signal located at the place of the accident, failing to stop the vehicle in due time, and thus violating § 16 of Act No. 279 of April 5, 1946; in deciding that plaintiff's wife had not incurred in contributory negligence when crossing the road in the manner she did; and in granting the complaint.

The lower court, based on the evidence introduced, made, among others, the following finding of fact as to the manner in which the accident occurred:

"The accident in which plaintiff's wife was injured occurred, according to plaintiff's evidence, which is the evidence we have believed, in the following manner:

"On February 5, 1948 and between 4:00 and 4:30 P.M., Mrs. López was standing on the sidewalk at the main entrance of the University of Puerto Rico, waiting for the traffic light in that place, which was then red, to turn to green in order to cross to the other side of the avenue to go home.

"No sooner had she normally taken a few steps already with the green light, when she was suddenly hit by the automobile in question and violently thrown against the pavement.

"Obviously said accident was solely and exclusively due to the fault and negligence of the agent of the codefendant Destilería Roses, Inc., in operating said automobile without exercising due care and taking every reasonable precaution to insure the safety of persons and property in violation of subdivision (a) of § 17 of Act No. 279 of April 5, 1946, To Regulate the Use of Motor Vehicles in Puerto Rico and To Regulate Traffic Along Public Highways, as well as to his failure to obey the traffic signal thereat not stopping the vehicle in due time while facing the red light which signaled him to stop at a reasonable distance therefrom, thus violating § 16 of said Act. See subdivision (n) of § 17 of said Act.

"It should be noted that the agent of the codefendant Destilería Roses, Inc., Manuel Francisco Vélez, testified that it was Mrs. López who, while his automobile had already come to a stop, had hit the vehicle, and all of this while Mrs. López was crossing the avenue, walking normally. In our judgment this theory is absurd.

". . . . . . . .

"From the evidence as a whole we are fully convinced of the negligence of Manuel Francisco Vélez, agent of the codefendant Destilería Roses, Inc., and that the plaintiff was not guilty of any negligence or contributory negligence.

". . . . . . . .

"The accident occurred right in front of the University of Puerto Rico and in front also of the Pensionado Católico, about 4:00 or 4:30 in the afternoon. Thousands of students go to the University of Puerto Rico, besides the fact that the entrance to Río Piedras, where the accident occurred, is a crowded place. In the opinion of the court, the duty of the drivers of vehicles in this place requires the exercise of the highest degree of pru-

dence, care and circumspection. It is likewise their duty to be on the lookout for any change in the light thereat in order to stop their vehicles before reaching the signal and not wait to brake at the exact place where the light changes. Manuel Francisco Vélez, agent of the codefendant Destilería Roses, Inc., did not take these precautions and in our judgment this was the proximate cause of the accident."

Appellants argue that the evidence showed that when plaintiff's wife crossed with the green light in her favor, she did not look in both directions of the road in order to be sure that no vehicle was coming and that this failure rendered her guilty of contributory negligence. To this effect they cite numerous cases apparently taken from the annotations in 75 A.L.R. 970 and 164 A.L.R. 8, entitled Liability for accident at crossing as affected by reliance upon or disregard of traffic signals and Liability for accident at street or highway intersection as affected by reliance upon or disregard of traffic sign, signal or marking, respectively. But the fact is that, according to the findings of the lower court, which are amply supported by the evidence, no sooner had plaintiff's wife taken a few normal steps, with the green light, when she was *suddenly* caught by defendant's automobile. It is true that at some time in answer to defendants' cross-examination she said that she had not looked to either side of the road, but she had already explained and often repeated that when she attempted to look, the only thing she was able to see was "a fleeting shadow" and she immediately felt the impact of the automobile. This is how she explained the situation:

"Q. Did the accident happen, madam, immediately after you had passed the parked bus?

"A. I had taken a few steps, then...*I saw this fleeting shadow!* It happened so fast, *that I saw when the car hit me and I was aware of nothing else.*

"Q. When you started across after crossing in front of the bus, had you seen any fleeting shadow?

"A. *Right after coming from out of the bus I met that fleeting shadow:* it happened so fast, so suddenly, *that I saw* when the car hit me . . .

"Q. Was that immediately after?

"A. *I saw the fleeting shadow, the car,* as if it were a lightning.

"Q. When did you start across after passing the bus, immediately after?

"A. *Immediately, right after taking a few steps.*

"Q. This fleeting shadow you saw, did you see it far from you or near?

"A. *Very near, it was so sudden that this fleeting shadow,* I could not . . .

"Q. When you waited in front of the bus, did anything obstruct your view of any traffic going from Río Piedras towards San Juan? Did the bus prevent you from seeing vehicles coming from Río Piedras towards San Juan?

"A. It was so sudden . . . I could see nothing else.

". .    .    .    .    .    .    .    .    .

"Q. While you passed in front of the bus, did you notice whether any vehicle traffic, cars, were coming from Río Piedras towards San Juan?

"A. I did not notice; *only that I suddenly saw that fleeting shadow; I could not see.*

"Q. Weren't you able to see that car, madam?

"A. *But I could not see, I had no time to see it,* that fleeting shadow the car, threw me against the payment; *it was a matter of seconds.*

"Q. Before the fleeting shadow, had you looked towards Río Piedras for any oncoming vehicle?

"A. *Yes, sir.* And the light in order to see that it was not red.

"Q. While you were passing in front of the bus, you could see any vehicle coming from Río Piedras to San Juan, but you did not see that one?

"A. *I could not see it, it was very sudden.*

". .    .    .    .    .    .    .    .    .

"Q. The first time you saw it, the fleeting shadow, was it when you started to cross the road after coming out in front of the bus?

"A. Coming out in front of the bus.

"Q. Immediately after you came out?

"A. Immediately? I was walking peacefully, I had no reason to rush." (Italics ours.)

So that, as a matter of fact, it was shown that when plaintiff's wife was crossing with the green light in her favor, she looked towards Río Piedras and the only thing she was able to see was a fleeting shadow of defendant's automobile. If that vehicle was so close to the place by which she had a right to pass, to the point that it hit her, she cannot be charged with contributory negligence for not having looked. Therefore, the cases cited by the appellants which showed a situation of facts different from the one under consideration, are not applicable. The proximate cause of the accident was the negligence of the driver of defendant's vehicle in not stopping it before reaching the intersection of the public highway where the red light was on and hitting plaintiff's wife. Such negligence arises from § 16 of Act No. 279, approved April 5, 1946, which insofar as pertinent provides that: "Whenever traffic in an intersection is directed by means of color lights, they shall have the following meaning: ...*Red Light.*—Every motor vehicle approaching this signal *shall stop before entering* the intersection of the street." (Italics ours.)

Had defendant's chauffeur driven his vehicle in the manner required by § 17(a) of the aforesaid Act,[1] the accident would not have happened either, for he would have been able to bring it to a stop before entering the intersection of the road where plaintiff's wife was walking.

The judgment will be affirmed.

Mr. Chief Justice De Jesús did not participate herein.

---

[1] Section 17(a) provides the following:

"Persons operating motor vehicles on the public highways shall at all times excercise due care and take every reasonable precaution to insure the safety of persons and property."